UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIMON J. KING,<br><br>　　　　　　Petitioner,<br><br>v.<br><br>L. BIRD, Warden,<br><br>　　　　　　Respondent. | Case No. 3:22-cv-00031-TWR-MDD<br><br>**ORDER (1) GRANTING MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS; (2) DENYING MOTION FOR STAY; AND (3) DENYING CERTIFICATE OF APPEALABILITY**<br><br>(ECF Nos. 11, 16) |

**INTRODUCTION**

Petitioner Simon J. King ("King" or "Petitioner"), a state prisoner, is proceeding pro se with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (*See* ECF No. 1, "Pet.")  The Court has read and considered the Motion to Dismiss and Memorandum of Points and Authorities in Support of the Motion to Dismiss (ECF Nos. 11, 11-1), the Response in Opposition to the Motion to Dismiss (ECF No. 15), the Motion for Stay (ECF No. 16), the Response in Opposition to the Motion for Stay (ECF No. 18), the Reply to the Opposition to the Motion for Stay (ECF No. 19), the lodged documents and other documents filed in this case, and the legal arguments presented by both Parties.  For the

reasons discussed below, the Court **GRANTS** the Motion to Dismiss, **DENIES** the Motion for Stay, and **DENIES** a Certificate of Appealability.

## FACTUAL AND PROCEDURAL BACKGROUND

In November 2009, the San Diego County District Attorney's Office filed an Amended Information charging King with thirty counts of child sexual assault and possession of child pornography, as well as assault with a deadly weapon, photographing and videotaping a minor performing sexual acts, and sending child pornography to a minor. (ECF No. 12-1 at 25–35.) King pleaded guilty to five counts of forcible lewd acts on a child, a violation of California Penal Code (hereafter "Penal Code") § 288(b)(1), and received a stipulated sentence of thirty years in prison. (*Id.* at 36–43.)

On January 1, 2015, California enacted Penal Code § 1170.91, which, at the time, required a sentencing court to "consider mental health and substance abuse problems stemming from military service as a mitigating factor when imposing a determinate term under section 1170, subdivision (b)." *People v. King*, 52 Cal. App. 5th 783, 788 (2020). The statute was later amended "to provide relief for former or current members of the military who were sentenced before January 1, 2015, and did not have their mental health and substance abuse problems considered as factors in mitigation during sentencing." *Id.*[1]

King filed a petition to recall his sentence pursuant to Penal Code § 1170.91 on June 10, 2019, which the San Diego Superior Court denied on June 28, 2019. *Id.* at 787. (*See* ECF No. 12-1 at 47–114.) King appealed, (ECF No. 12-1 at 115–16), but the California Court of Appeal affirmed the denial in a published opinion. *See King*, 52 Cal. App. 5th 783. King then filed a petition for review in the California Supreme Court, which was summarily denied. (ECF No. 12-12 at 2.)

Finally, King filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in this Court on January 10, 2022. (*See generally* Pet.) Respondent filed a Motion to

---

[1] California Penal Code § 1170.91 was also amended during the 2021–2022 California Legislative Session. *See* 2022 Cal. Legis. Serv. Ch. 721 (S.B. 1209) (West).

Dismiss the Petition, (ECF No. 11, "Resp't's MTD"), and King filed a Response to the Motion to Dismiss, (ECF No. 15), and a Motion for Stay, (ECF No. 16, "Pet'r's Mot. for Stay"). Respondent opposes the Motion to Stay. (*See* ECF No. 18, "Resp't's Opp'n to Mot. for Stay.")

## ANALYSIS

King raises one ground in his Petition, arguing that the sentencing court's denial of his petition to recall his sentence without holding a statutorily required hearing violated his Sixth and Fourteenth Amendment rights. (Pet. at 6.) Respondent contends that King's claim is barred by the statute of limitations imposed by 28 U.S.C. § 2244(d), is not exhausted, and is not cognizable on federal habeas corpus review. (*See generally* Resp't's MTD.)

In his Motion for Stay, King appears to concede that his claim is unexhausted and seeks a stay and abeyance under the procedure outlined in *Rhines v. Weber*, 544 U.S. 269 (2005). (Pet'r's Mot. for Stay at 3–4.) Respondent argues in his Opposition to the Motion for Stay that a stay would be futile because King's claim concerns only the application of state law and is therefore not cognizable on federal habeas corpus review. (Resp't's Opp'n to Mot. for Stay at 3–4.)

**I.   Motion to Dismiss**

Respondent argues the Petition is barred by the one-year statute of limitations codified at 28 U.S.C. § 2244(d) because the denial of King's Penal Code § 1170.91 petition was not a new judgment and therefore King's statute of limitations expired in March 2011, a year after his original criminal conviction was final. (ECF No. 11-1, "Mem. P. & A.," at 10–15.) Respondent also contends King has not exhausted the sole claim in his Petition and, in any event, that claim is not cognizable on federal habeas corpus review because it concerns only a question of state law. (*Id.* at 9–10, 15–19.)

*A.   Statute of Limitations*

Under 28 U.S.C. § 2244(d), a petitioner has one year from the date his or her judgment is final to file a § 2254 petition for writ of habeas corpus in federal court. The

question in the present case is when this limitations period commenced. There are four possible events that can trigger the beginning of the limitations period:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

As for when a judgment becomes final, courts "look to state law to determine what constitutes a new or intervening judgment" that could affect the statute of limitations. *Clayton v. Biter*, 868 F.3d 840, 844 (9th Cir. 2017). And "[t]he California Supreme Court has concluded that a denial of a resentencing petition [pursuant to Penal Code § 1170.126] is an appealable 'postjudgment order affecting the substantial rights of the party'" which "results in the entry of a new appealable order or judgment." *Id.* (quoting *Teal v. Superior Court*, 60 Cal. 4th 595, 600–01 (2014)). District courts in California have concluded that denials of resentencing petitions filed pursuant to Penal Code § 1170.18 and § 1170.95 also result in the entry of a new judgment. *See McKinney v. Montgomery*, No. 2:17-cv-00581 JAM GGH HC, 2018 WL 1605692, at *5 (E.D. Cal. Apr. 3, 2018) (addressing petitions filed pursuant to Penal Code § 1170.18), *report and recommendation adopted*, 2018 WL 2716940 (E.D. Cal. June 6, 2018); *Young v. Cueva*, No. CV 20-8304-CJC(E), 2020 WL 8455474, at *2 (C.D. Cal. Oct. 27, 2020) (addressing petitions filed pursuant to Penal Code § 1170.95). Moreover, this Court has found that the denial of a § 1170(d) petition also results in the entry of a new judgment. *See Sawyer v. Burton*, No. 21-CV-58 TWR (BLM), 2021 WL 3370883, at *4 (S.D. Cal. Aug. 3, 2021). In *Sawyer*, this Court concluded that

"the state superior court's denial of the recall/resentencing petition constitutes a 'new judgment'" and therefore "the one-year limitation period did not begin to run until that new judgment became final by the conclusion of direct review, that is, after the California Supreme Court's . . . denial of the petition for review." *Id.*

This Court sees no reason to treat resentencing petitions filed pursuant to Penal Code § 1170.91 differently than those filed pursuant to Penal Code § 1170.18, § 1170.95, § 1170.126 and § 1170(d). The Court therefore concludes that the denial of King's petition for resentencing constitutes a new judgment and "the one-year limitation period did not begin to run until that new judgment became final by the conclusion of direct review, that is, after the California Supreme Court's . . . denial of the petition for review." *Sawyer*, 2021 WL 3370883, at *4.[2] The California Supreme Court denied King's petition on October 21, 2020, and the statute of limitations began running ninety days later on January 19, 2021. *See Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). It expired on January 19, 2022. King filed his Petition in this Court on January 10, 2022. (*See* Pet. at 1.) The Petition is therefore timely. The Court thus **DENIES** the Motion to Dismiss based on Respondent's statute of limitations argument.

### B.  *Exhaustion and Cognizability*

King claims he was denied "structural Due Process" because the state sentencing court summarily denied his Penal Code § 1170.91 petition without a hearing, as required by § 1170.91. (Pet. at 6). He contends that § 1170.91 created a "liberty interest which impacts constitutionally protected due process rights," and that the state court's failure to hold a hearing that is mandated by the statute, is "structural error, which is prejudicial per se and requires reversal." (*Id.*) Respondent moves to dismiss King's Petition, asserting that the claim is unexhausted and is not cognizable on federal habeas corpus review because it only concerns a matter of state law. (Mem. P. & A. at 9–10.)

---

[2]  The Court also notes that the state appellate court accepted jurisdiction over King's appeal pursuant to California Penal Code § 1237, which permits a defendant to appeal "any order made after judgment, affecting the substantial rights of the party." *See* Cal. Penal Code § 1237.

*1.     Exhaustion*

Habeas petitioners who wish to challenge either their state court conviction or the length of their confinement in state prison, must first exhaust state judicial remedies. 28 U.S.C. § 2254(b)–(c); *Granberry v. Greer*, 481 U.S. 129, 133–34 (1987). To exhaust state judicial remedies, a California state prisoner must present the California Supreme Court with a fair opportunity to rule on the merits of every issue raised in his or her federal habeas petition. *Id*. Moreover, to properly exhaust state court remedies a petitioner must allege, in state court, how one or more of his or her federal rights have been violated—"[i]f state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution." *Duncan v. Henry*, 513 U.S. 364, 365–66 (1995). For example, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him [or her] the due process of law guaranteed by the Fourteenth Amendment, he [or she] must say so, not only in federal court, but in state court." *Id*. at 366.

In the Petition for Review he filed in the California Supreme Court, King argued that the state appellate court ignored the plain language of § 1170.91 and its legislative history when it concluded that the state court's failure to hold a hearing on King's § 1170.91 petition was harmless error. (*See* ECF No. 12-9 at 11–13.) He also argued that the state appellate court's decision would have a negative impact on plea negotiations and that it misconstrued California Supreme Court precedent. (*Id.* at 12–13, 19–20.) King cited no federal cases, nor did he bring any federal constitutional claims. "[F]or purposes of exhausting state remedies, a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief." *Woods v. Sinclair*, 764 F.3d 1109, 1129 (9th Cir. 2014) (quoting *Gray v. Netherland*, 518 U.S. 152, 162–63 (1996)). It is clear, therefore, that King has not presented the California Supreme Court with a fair opportunity to rule on the merits of every issue raised in his federal habeas petition. 28 U.S.C. § 2254(b)–(c); *Granberry*, 481 U.S. at 133–34.

The claim is, however, technically exhausted. "[I]f a claim is unexhausted but [independent and adequate] state procedural rules would now bar consideration of the claim, it is technically exhausted but will be deemed procedurally defaulted unless the petitioner can show cause and prejudice." *Cooper v. Neven*, 641 F.3d 322, 327 (9th Cir. 2011); *see Coleman v. Thompson*, 501 U.S. 722, 735, n.1 (1991), *overruled on other grounds by Martinez v. Ryan*, 556 U.S. 1, 10–11, 15 (2012). The procedural bar of *In re Dixon*, 41 Cal. 756, 759 (1953) (a defendant cannot raise a claim in a habeas corpus petition that he could have, but did not, raise on appeal), and California's timeliness rule, as explained in *In re Robbins*, 18 Cal. 4th 770, 780 (1998), would apply to King's case and both have been deemed independent and adequate state procedural bars. *Johnson v. Lee*, 578 U.S. 605, 608–09 (2016) (per curiam); *Walker v. Martin*, 562 U.S. 307, 317 (2011). King must therefore "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice" in order for this Court to consider his claim. *Coleman*, 501 U.S. at 750.

The "cause" prong is satisfied if King can demonstrate some "objective factor" that precluded him from raising his claims in state court, such as interference by state officials or constitutionally ineffective counsel. *McClesky v. Zant*, 499 U.S. 467, 493–94 (1991). In his Motion for Stay, King states his appellate counsel did not properly federalize his claim and that he intends to raise an ineffective assistance of counsel claim related to that failure. (Pet'r's Mot. for Stay at 4.)

Generally, in state proceedings where the petitioner had no federal constitutional right to counsel, a claim of ineffective assistance of counsel will not constitute "cause" to excuse the default. *See Coleman*, 501 U.S. at 752–53. And petitioners typically do not possess a federal constitutional right to counsel during state post-conviction resentencing proceedings. *See Hunt v. Cicnero*, No. 2:22-cv-02472-JAK-KES, 2022 WL 17224722, at *7 (C.D. Cal. July 20, 2022) ("Resentencing proceedings under California Penal Code section 1170.95 are the type of postconviction proceedings in which there is no federal

constitutional right to counsel.")  But ineffective assistance of counsel can constitute "cause" for default under certain circumstances involving state collateral review proceedings.  The Supreme Court has held that "a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the [State's] initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." *Martinez*, 566 U.S. at 17; *Trevino v. Thaler*, 569 U.S. 413, 428 (2013) (applying *Martinez* where a state's procedural system "does not offer most defendants a meaningful opportunity to present a claim of ineffective assistance of counsel on direct appeal").  In *Davila v. Davis*, __ U.S. __, 137 S. Ct. 2058, 2064 (2017), however, the Supreme Court concluded that *Martinez* does not apply to claims of ineffective assistance of appellate counsel.  Thus, King has not established cause for his default. *Coleman*, 501 U.S. at 750.

And even if Petitioner had established cause for his default, he has not satisfied the prejudice prong.  "Prejudice [sufficient to excuse procedurally barred claims] is actual harm resulting from the alleged error."  *Vickers v. Stewart*, 144 F.3d 613, 617 (9th Cir. 1998).  King has not demonstrated he suffered prejudice because, as discussed below in Section I.B.2, he has not shown the state court's resolution of his claim affected any of his federal constitutional rights because the claim only involves the application of state law.

Nor has King shown that failure to review his defaulted claims "will result in a fundamental miscarriage of justice."  *Coleman*, 501 U.S. at 750.  The Supreme Court has limited the "miscarriage of justice" exception to petitioners who can show that "a constitutional violation has probably resulted in one who is actually innocent."  *Schlup v. Delo*, 513 U.S. 298, 327 (1995).  In *Schlup*, the Supreme Court explained that a petitioner's claim of actual innocence can act as a "gateway" to having his otherwise procedurally defaulted claims considered by a federal court.  *Id*. at 326–27.  The Court has noted the standard is "demanding." *McQuiggin v. Perkins*, 569 U.S. 383, 401 (2013).  "The gateway should open only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the

trial was free of nonharmless constitutional error.'" *Id.* (quoting *Schlup*, 513 U.S. at 316); *Wood v. Hall*, 130 F.3d 373, 379 (9th Cir. 1997) (holding that "actual innocence" means factual innocence, not simply legal insufficiency; a mere showing of reasonable doubt is not enough). King has not provided the Court with any evidence supporting a conclusion that he is actually innocent of the charges of which he was convicted.

Accordingly, the Court **GRANTS** Respondent's Motion to Dismiss because King's claim is technically exhausted but procedurally defaulted.

### 2. *Cognizability*

As noted above, King alleges in his Petition that he was denied "structural Due Process" because the state sentencing court did not hold a hearing on his resentencing petition as required by Penal Code § 1170.91. (Pet. at 6.) But federal habeas relief is not available for alleged violations of state law. *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991); *see also* 28 U.S.C. § 2254(a). Therefore, to the extent King argues the state court's failure to hold a hearing on his § 1170.91 petition violated California law, he is not entitled to relief. *Estelle*, 502 U.S. at 67–68; *see also Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) ("We have repeatedly held that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus.").

A petitioner can present a cognizable federal claim, however, if he can show the state court's decision was "so arbitrary or capricious" that it "constitute[d] an independent due process violation." *Richmond v. Lewis*, 506 U.S. 40, 50 (1992). The state appellate court denied King's appeal because under California law, a plea bargain that involves a stipulated sentence, like the one King entered into, constitutes a "a contract between the defendant and the prosecutor to which the court consents to be bound," and "a judge who has accepted such a plea bargain is bound to impose a sentence within the limits of that bargain." (ECF No. 12-8 at 9–10 (quoting *People v. Stamps*, 9 Cal. 5th 685, 701 (2020)). The state appellate court declined to decide "whether the trial court was required to hold a hearing on King's petition rather than entering a summary denial," concluding that because the

sentencing judge could not have altered King's sentence under § 1170.91 even if he had held a hearing, any error in failing to do so doing was harmless. *Id*. at 8–11; *see id.* at 9 ("King would not be able to obtain any relief in the form of a reduced sentence under section 1170.91, subdivision (b).").

While King argues the denial of a hearing under Penal Code § 1170.91 violated his Sixth and Fourteenth Amendment due process rights, (Pet. at 6), he has presented no argument or evidence to explain why the state court's application of California sentencing law was arbitrary or capricious.[3]  A petitioner "may not . . . transform a state-law issue into a federal one merely by asserting a violation of due process." *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996); *see Cole v. Sullivan*, 480 F. Supp. 3d 1089, 1097 (C.D. Cal. 2020).

King's claim, at base, requires a determination of whether, given the fact that he entered into a plea agreement and received a stipulated sentence, he could be resentenced under Penal Code § 1170.91 at all.  This is solely a matter of state law, and King cannot transform it into a federal question merely by stating the decision violated his due process rights.  *Langford*, 110 F.3d at 1389; *see Nelson v. Biter*, 33 F. Supp. 3d 1173, 1176–77 (C.D. Cal. 2014) (whether petitioner qualified for resentencing under California statute is solely a matter of state law); *Devon v. State of California, et al.*, No. CV 21-6810-TJH (AGR), 2022 WL 4390455, at *3 (C.D. Cal. Aug. 15, 2022) (finding that a challenge to the state court's summary denial of a resentencing petition pursuant to Penal Code § 1170.91 was not cognizable because it concerned solely a matter of state law); *Sawyer*, 2021 WL 3370883, at *5–6 (finding a challenge to a state court's denial of a resentencing petition pursuant to Penal Code § 1170(d) not cognizable because "the state court determination that the state resentencing statute was not applicable to Petitioner's case is binding on this

///

---

[3]  The state appellate court also noted that "any error in failing to hold a hearing on King's petition would be a state-law procedural error."  (ECF No. 12-8 at 9.)  And federal habeas courts cannot review state court applications of state procedural rules.  *See Clayton*, 868 F.3d at 845–46.

Court"); *see also Bradshaw*, 546 U.S. at 76. Accordingly, the Court also **GRANTS** Respondent's Motion to Dismiss on cognizability grounds.

## II. Motion for Stay

A district court has the discretion to stay a petition while a petitioner returns to state court to exhaust unexhausted claims. *Rhines*, 544 U.S. at 275–76. King asks this Court to grant him a *Rhines* stay so he can exhaust his claim that the state court's denial of his resentencing petition without a hearing deprived him of a liberty interest without due process. (ECF No. 16 at 3–5; Pet. at 6.) In order for Petitioner to secure a *Rhines* stay, he must establish that (1) good cause exists for the failure to exhaust, (2) the unexhausted claims are potentially meritorious, and (3) he has not engaged in intentionally dilatory tactics. 544 U.S. at 277–78.

### A. *Whether King Has Established Good Cause*

"The good cause element is the equitable component of the *Rhines* test . . . [and] [a]s such, good cause turns on whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence, to justify th[e] failure [to exhaust]." *Blake v. Baker*, 745 F.3d 977, 982 (9th Cir. 2014). "The caselaw concerning what constitutes 'good cause' under *Rhines* has not been developed in great detail." *Dixon v. Baker*, 847 F.3d 714, 720 (9th Cir. 2017). In support of his Motion for Stay, King states that the attorney who represented him in the appeal of the denial of his resentencing petition failed to argue the federal basis for his claims in state court, and that he intends to raise a claim of ineffective assistance of appellate counsel in addition to his due process claim. (Pet'r's Mot. for Stay at 2, 4.)

In *Blake*, the Ninth Circuit held that "the ineffectiveness of postconviction counsel could constitute good cause for a *Rhines* stay, provided that the petitioner's assertion of good cause 'was not a bare allegation of state postconviction [ineffective assistance of counsel], but a concrete and reasonable excuse, supported by evidence.'" *Dixon*, 847 F.3d at 721 (quoting *Blake*, 745 F.3d at 983). King alleges that "appointed counsel appears to have failed . . . to argue [that the denial of a hearing pursuant to § 1170.91] violated [his]

federal constitutional rights" both at the appellate court and the California Supreme Court levels.  (Pet'r's Mot. for Stay at 2–3.)  This essentially amounts to a "bare allegation" of ineffectiveness of postconviction counsel.  King has not provided any evidence to show postconviction counsel's representation fell below an objective standard of reasonableness.  *See Strickland v. Washington*, 466 U.S. 668, 688 (1984).  Nor has he provided evidence that he was prejudiced by counsel's errors because, as discussed below, his claims are not potentially meritorious.  *Dixon*, 847 F.3d at 721; *Blake*, 745 F.3d at 983.  Therefore, King has not established good cause under *Rhines*.  *See Dixon*, 847 F.3d at 721.

### B.     *Whether the Claim Is Potentially Meritorious*

Even if Petitioner had established good cause, a "federal habeas petitioner must establish that at least one of his unexhausted claims is not 'plainly meritless' in order to obtain a stay under *Rhines*."  *Dixon*, 847 F.3d at 722.  "In determining whether a claim is 'plainly meritless,' principles of comity and federalism demand that the federal court refrain from ruling on the merits of the claim unless 'it is perfectly clear that the petitioner has no hope of prevailing.'"  *Id.* (quoting *Cassett v. Stewart*, 406 F.3d 614, 624 (9th Cir. 2005)).

As this Court has noted, to successfully challenge a state's application of its own sentencing laws on federal habeas corpus review, a petitioner must show the application was "so arbitrary or capricious" that it "constitute[d] an independent due process violation."  *Richmond*, 506 U.S. at 50.   California law holds that "[o]nce the court has accepted the terms of the negotiated plea, '[it] lacks jurisdiction to alter the terms of a plea bargain so that it becomes more favorable to a defendant unless, of course, the parties agree."  *Stamps*, 9 Cal. 5th at 701 (quoting *People v. Cunningham*, 49 Cal. App. 4th 1044, 1047 (1996)); *People v. Segura*, 44 Cal. 4th 921, 931 (2008) (stating that "a judge who has accepted a plea bargain is bound to impose a sentence within the limits of that bargain"); *People v. Blount*, 175 Cal. App. 4th 992, 994, 997–98 (2009) (a trial court cannot change a sentence clearly and unequivocally stipulated to in a plea agreement); Cal. Penal Code § 1192.5(b) (stating that "[w]hen the plea is accepted by the prosecuting attorney in open

court and is approved by the court . . . the court may not proceed as to the plea other than as specified in the plea"). Recent California cases, including King's, that apply this general principle to situations where a defendant pleaded guilty and received a stipulated sentence have concluded that resentencing pursuant to Penal Code § 1170.91 is not available because the sentencing court remains bound by the terms of the plea agreement. *See People v. Brooks*, 58 Cal. App. 5th 1099, 1106–09 (2020) (citing *King* and finding defendant who received a stipulated sentence ineligible for resentencing under § 1170.91 because "any exercise of discretion reducing [defendant's] sentence would necessarily modify the terms of his plea agreement . . . [and] [n]othing in the statute suggests an intent to overturn, sub silentio, longstanding plea-bargaining law binding courts to the agreements they approve"); *People v. Pixley*, 75 Cal. App. 5th 1002, 1007–08 (2022) (agreeing with the analysis set forth in *King* and *Brooks*).

While King may disagree with it, the legal analysis set forth in *King*, *Brooks*, and *Pixley* represents a well-reasoned and straightforward application of California law, and King has not explained why or how it is "arbitrary and capricious." *See Richmond*, 506 U.S. at 50; *Sawyer*, 2021 WL 3370883, at *6. He simply argues the state court's failure to hold a hearing violated his due process rights, which is, as the Court has explained, solely a matter of state law not reviewable on federal habeas corpus review. *Estelle*, 502 U.S. at 67–68. Thus, the Court concludes King's due process claim is "plainly meritless" because "it is perfectly clear that the petitioner has no hope of prevailing." *Dixon*, 847 F.3d at 722 (quoting *Cassett*, 406 F.3d at 624).

### C. *Whether King Has Engaged in Intentionally Dilatory Tactics*

Respondent does not argue that King has engaged in intentionally dilatory tactics, and the Court finds no basis in the record upon which to conclude otherwise. Accordingly, the third requirement for granting a *Rhines* stay has been met. *Rhines*, 544 U.S. at 277–78.

### D. *The Motion for a Rhines Stay is Denied*

King has demonstrated neither good cause for the delay in exhausting nor that his claim is meritorious. Accordingly, the Court **DENIES** King's Motion for Stay.

# CONCLUSION

For the foregoing reasons, the Court **GRANTS** Respondent's Motion to Dismiss (ECF No. 11) and **DENIES** King's Motion for Stay (ECF No. 16).

In addition, Rule 11 of the Rules Following 28 U.S.C. § 2254 requires the District Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, 28 U.S.C. foll. § 2254 (West Supp. 2020). A certificate of appealability will issue when the petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253; *Pham v. Terhune*, 400 F.3d 740, 742 (9th Cir. 2005). A "substantial showing" requires a demonstration that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Beaty v. Stewart*, 303 F.3d 975, 984 (9th Cir. 2002) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Here, the Court concludes King has not made such a showing, and a certificate of appealability is therefore **DENIED**.

**IT IS SO ORDERED.**

Dated: January 12, 2023

Honorable Todd W. Robinson
United States District Judge